**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE    )
            )
   v.       )  I.D. No. 0710007029
            )
MARVIN S. BURROUGHS,  )
            )
    Defendant.  )
            )

Submitted: January 20, 2016
Decided:  April 4, 2016

On Defendant's Second Motion for Postconviction Relief.
**DENIED.**

# <u>ORDER</u>

Elizabeth R. McFarlan, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Patrick J. Collins, Esquire, Collins & Associates, Wilmington, Delaware, Attorney for Defendant.

COOCH, R.J.

   This 4th day of April, 2016, upon consideration of Defendant's Second Motion for Postconviction Relief, it appears to the Court that:

   1.   On October 1, 2007, shortly before 9:30 p.m., A.T.[1], a seventeen-year-old high school student, was walking to her home in Wilmington.[2]  While A.T. was crossing the Market Street Bridge, she noticed three males walking in the same

---

[1] The Court refers to the victim as A.T. to protect her identity.

[2] Unless otherwise indicated, all facts set forth in this Order are taken from Defendant Marvin Burroughs' direct appeal to the Delaware Supreme Court. *Burroughs v. State*, 988 A.2d 445, 447-49 (Del. 2010).

direction as her, but on the opposite side. After A.T. turned onto 18th Street, she realized that the men were no longer on the bridge, but two of them were behind her.

2.    The two men forced A.T. into an alley at gunpoint and ordered to surrender her money, strip naked, and lie on the ground. After, Burroughs asked Jaron Smullen, whom A.T. later identified as a fellow student at her high school, "Should I do it, should I do her?" However, Smullen shook his head no. Burroughs then ordered A.T. to stand under a street light and threatened to kill her if she moved. Smullen and Burroughs then took A.T.'s cell phone and ran off; leaving A.T. in the alley.

3.    A.T. was interviewed by the Wilmington Police the next day about the incident. She was given a copy of her high school yearbook which she used identify Smullen from his photograph with the basketball team. Smullen was arrested, confessed to his participation, and identified Burroughs, who is Smullen's cousin, and co-defendant Martel Washington as co-conspirators. A jury eventually convicted Burroughs of Robbery First Degree, Possession of a Firearm During the Commission of a Felony, Possession of a Deadly Weapon by a Person Prohibited, and Conspiracy Second Degree.

4.    On February 22, 2011, Burroughs filed his First Motion for Postconviction Relief.[3] In his First Motion, Burroughs asserted that he was entitled to relief because: (1) his trial attorney was ineffective because he failed to request the trial Court suppress an out-of-court identification—this claim was later amended and then waived; (2) trial counsel was ineffective for failure to object to impermissible rebuttal evidence; and (3) relief based on co-defendant Smullen's recantation of his trial testimony implicating Burroughs in the robbery.[4] This Court found that Burroughs' trial counsel was not ineffective under *Strickland*.[5] This Court was also reasonably well satisfied that the Smullen's trial testimony was not false; therefore, Burroughs' First Motion was denied. Christopher D. Tease, Esquire, acting as

---

[3] *State v. Burroughs*, I.D. No. 0710007029, at* 1 (Del. Super. Oct. 17, 2013).
[4] *Id.* at 1–2.
[5] *Id.* at 5–6.

2

postconviction counsel, filed an untimely appeal of this Court's denial of the First Motion.[6] The Delaware Supreme Court dismissed the appeal for lack of jurisdiction and remanded the matter back to this Court to appoint new counsel to represent Burroughs in filing a second motion for postconviction relief.[7]

5. On October 29, 2014, the State and defense counsel submitted a Stipulated Order Regarding Procedure on Remand.[8] The Stipulated Order reads in its entirety:

> WHEREAS, on May 16, 2008, Burroughs was convicted of Robbery First Degree and related offenses. DI 19.
>
> WHEREAS, on May 15, 2009, the Court sentenced Burroughs as a habitual offender pursuant to 11 *Del. C.* § 4214(a). DI 35, 36.
>
> WHEREAS, on February 3, 2010, the Delaware Supreme Court affirmed the convictions and sentence. *Burroughs v. State*, 988 A.2d 445 (Del. 2010).
>
> WHEREAS, on February 22, 2011, Burroughs, through privately retained counsel, filed an untimely motion for postconviction relief alleging, *inter alia*, the discovery of new evidence. DI 47.
>
> WHEREAS, the Court denied the motion on October 17, 2013. DI 93.
>
> WHEREAS, on February 11, 2014, Burroughs filed an untimely notice of appeal.
>
> WHEREAS, by letter to the Delaware Supreme Court, postconviction counsel stated that he "was ineffective in failing to file a Notice of Appeal in this case, or at least ascertaining from [Burroughs] whether he wished to file an appeal."

---

[6] *Burroughs v. State*, 91 A.3d 561, 2014 WL 1515102, at* 1 (Del. Apr. 16, 2014) (TABLE).

[7] *Id.*

[8] DI 107.

*Burroughs v. State*, 2014 WL 1515102, at* 1 (Del. Apr. 16, 2014).

WHEREAS, on April 16, 2014, the Delaware Supreme Court dismissed Burroughs' appeal for lack of jurisdiction and remanded the matter "for appointment of counsel to represent the appellant in filing a second motion for postconviction relief under Rule 61." *Id.*

WHEREAS, Superior Court Criminal Rule 61 ("Rule 61") was amended effective June 4, 2014.

WHEREAS, the parties agree that Burroughs' to-be-filed second motion for postconviction relief should be considered under the law as it existed at the time of the remand, including Rule 61 in its pre-June 4, 2012 form and *Guy v. State*, 82 A.[3]d 710 (Del. 2013).

WHEREAS, the parties agree that the law in effect at the time of the remand allows counsel for Burroughs to conduct a full review [of] the record and, on or before May 2, 2015, assert any and all claims of ineffective assistance of postconviction counsel that counsel believes are meritorious. Such claims may include, but are not limited to, claims that: postconviction counsel provided ineffective assistance of counsel that requires the Court to reissue its October 17, 2013 decision to allow a timely appeal to be filed with the Delaware Supreme Court; postconviction counsel provided ineffective assistance of counsel by failing to present the claims stated in the first postconviction motion in an effective manner; and postconviction counsel provided ineffective assistance of counsel by failing to raise a claim in the first postconviction motion.

WHEREAS, the parties agree that counsel for Burroughs may also assert in the second motion any claim independent of ineffective assistance of postconviction counsel, but any such claim shall be governed by the procedural limitations of Rule 61(i) in effect April 14, 2014.

NOW THEREFORE, based on the unique procedural posture of this case, the parties stipulate, subject to the approval of the Court, as follows:

1. Burroughs shall file his second motion for postconviction relief on or before May 2, 2015. The motion shall be considered pursuant to the law governing second postconviction motions in effect on April 14, 2014. This deadline cannot be extended for any reason without rendering the second motion untimely under the then[-]existing Rule 61 and *Guy*.

2. Within 10 days of filing and service of Burroughs' second motion for postconviction relief, Burroughs and the State shall confer and submit a proposed Order establishing subsequent deadlines, including affidavits from counsel (if needed), the State's response to the second motion for postconviction relief, and Burroughs' reply.[9]

The Court signed the Stipulated Order on October 31, 2014.

6. On May 2, 2015, Burroughs, through present counsel, filed his Second Motion for Postconviction Relief. In his Second Motion Burroughs asserts three claims for relief: (1) prior postconviction counsel was ineffective for withdrawing his claim that appellate counsel was ineffective for failing to appeal this Court's denial of a Motion to Suppress a photographic lineup identification; (2) prior postconviction counsel was ineffective because he failed to assert that trial counsel's litigation of a "last-minute" Motion to Suppress the lineup identification was ineffective; and (3) prior postconviction counsel was ineffective because he failed to contend that there was insufficient evidence to convict Burroughs.[10]

---

[9] Stipulated Order Regarding Procedure on Remand, at* 1–3. Although prior appointed postconviction counsel, Christopher D. Tease, was instructed two separate times by this Court to file an affidavit, none was filed. As a result, the Court and the parties agreed that this Second Motion could be decided without prior postconviction counsel's affidavit.

[10] Pet'r Marvin Burroughs' Second Mot. for Postconviction Relief at 39, 44, 48.

7.  Defendant's Amended Motion is controlled by Superior Court Criminal Rule 61.[11] Before addressing the merits of this Second Motion, the Court must address the procedural requirements.[12]

8.  A motion for postconviction relief can be procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.[13] If a procedural bar exists, the Court will not consider the merits of the postconviction claim unless the Defendant can show that, pursuant to Rule 61(d)(2), the procedural bars are inapplicable.

9.  None of these procedural bars apply to Burroughs' Second Motion. Burroughs' grounds for relief in this Second Motion are based on the ineffective assistance of counsel he allegedly experienced with his prior counsel. Therefore, he could not have brought this claim earlier and the procedural bars of Rule 61 are not applicable.

10. Burroughs' claims of ineffective assistance of counsel are reviewed under the United States Supreme Court decision in *Strickland v. Washington*.[14] To determine whether a defendant was denied his Sixth Amendment right to effective assistance of counsel, *Strickland* established a two-prong test.[15] First, a defendant must show that counsel's performance was deficient because the representation fell below an objective standard of reasonableness.[16] Second, the defendant must then show he was prejudiced by the deficient performance.[17] "This requires

---

[11] Super. Ct. Crim. R. 61. Since Burroughs' prior postconviction counsel filed the First Motion for Postconviction Relief on February 22, 2011, this Motion is governed by the version of Rule 61 that became effective on July 1, 2005, and not the current version of the Rule.

[12] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[13] Super. Ct. Crim. R. 61(i)(1)-(4).

[14] 466 U.S. 668 (1984).

[15] *Ploof*, 75 A.3d at 820 ("While the Sixth Amendment is not directly applicable to the State of Delaware, the United States Supreme Court has applied the Sixth Amendment to the states through the Fourteenth Amendment.").

[16] *Strickland*, 466 U.S. at 687–88.

[17] *Id.* at 687.

6

showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[18]

11.     When evaluating whether counsel's representation fell below an objective standard of reasonableness, a court must "eliminate the 'distorting effects of hindsight' and 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"[19]  Also, to establish prejudice a defendant must show "a reasonable probability that[] but for counsel's unprofessional errors, the result of the proceeding would have been different."[20]  "A reasonable probability is a probability sufficient to undermine confidence in the outcome," which is a lower standard than "more likely than not."[21]  Finally, when reviewing trial counsel's performance under *Strickland*, there is "a strong presumption that the representation was professionally reasonable."[22]

12.     Burroughs' first claim is that his prior postconviction counsel was ineffective because he withdrew his claim that trial counsel was ineffective for failing to appeal this Court's denial of a Motion to Suppress a photo lineup.  Burroughs claims that "[t]he identification procedure employed by the detective was a paradigm of unnecessary suggestiveness; the methodology used directly violates virtually all the practices endorsed by courts, legislatures, agencies and the National Academy of Sciences in recent years."[23]  Therefore, Burroughs claims that his prior postconviction counsel's decision to withdraw the claim was a violation of his Sixth Amendment right to counsel.

13.     The improper procedure Burroughs is referring to stems from A.T.'s identification of him to the Wilmington Police.  While being interviewed by a detective, A.T. was asked to view a two separate photo lineups of six potential suspects each.[24]  A.T. was unable to recognize any of the potential suspects in the first

---

[18] *Id.*

[19] *Ploof*, 75 A.3d at 821 (quoting *Strickland*, 466 U.S. at 689).

[20] *Strickland*, 466 U.S. at 694.

[21] *Id.* at 693-94.

[22] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

[23] Pet'r Marvin Burroughs' Second Mot. for Postconviction Relief at 39–40.

[24] A82.

7

lineup, so the detective showed her the other set of photographs.[25] After A.T. selected one of the photographs, the detective told her "take her time," and A.T. picked another potential suspect.[26] The detective then placed a coaster[27] overtop of the photographs.[28] When A.T. said that she thought her second choice was the suspect, the detective instructed her to "try again."[29] With the two previously-selected photographs covered up, A.T. picked a third photograph, who was Burroughs.

14.    While identification procedures used by the Wilmington Police may not have been a model of investigative procedure, they do pass constitutional muster. Prior postconviction counsel was not ineffective for failing to appeal this Court's denial of the Motion to Suppress. Therefore, Burroughs fails to satisfy the first prong of *Strickland* for this claim.

15.    Prior postconviction counsel did raise a claim of ineffective assistance of counsel for failure to appeal the denial and for failure to present expert testimony regarding the identification procedure in Burroughs' First Motion. However, prior postconviction counsel withdrew that claim once he was unable to secure an identification witness. Although Burroughs devotes approximately 14 pages of his Second Motion to the emerging law and science of eyewitness identification, he does not identify an expert witness that is willing to challenge this Court's finding in the suppression hearing.

16.    Although Burroughs seems to advocate for a more progressive standard for photographic lineup identification procedures in his Second Motion, he acknowledges that the Court applied the two-prong test adopted by Delaware law.[30] In its ruling, the

---

[25] A83.

[26] *Id.*

[27] Upon further questions it was revealed that A.T. could not remember whether the detective placed a saltshaker or a coaster over the photographs. A84.

[28] A83.

[29] *Id.*

[30] Pet'r Marvin Burroughs' Second Mot. for Postconviction Relief at 41; *see also Harris v. State*, 350 A.2d 768, 770 (Del. 1975) (citing *Neil v. Biggers*, 409, U.S. 188, 198 (1972)).

Court stated that there is a two-step process in evaluating claims of suggestive identification procedures.[31] The first prong is whether the out-of-court identification procedure is unnecessarily suggestive.[32] The Court noted that the second prong is whether there was a substantial likelihood of misidentification.[33] The Court further stated that "if the [C]ourt finds that the defendant has not carried his burden [to show] by a totality of the circumstances an impermissibly suggestive photo lineup procedure, then the Court need not reach the second prong."[34]

17. The Court noted that the testimony of the detective at the hearing contradicted the testimony of A.T.[35] A.T. contradicted her own testimony "both with respect to what she said earlier in the hearing and then a little later in the hearing, as opposed to what she told Prosecutors [the previous day] as they prepared her for trial."[36] The Court further determined that at some point during the photo lineup, A.T. took a coaster and placed it over each of the six photographs.[37] Both police officers testified that they asked questions in a non-leading, non-influencing way.[38] Although this testimony by the officers could be self-serving, the Court found "no reason to think that's not what occurred."[39] The Court relied on testimony from one of the officers who stated that when A.T. selected the photo of Burroughs, she said, "I believe that's the guy."[40] The officer asked A.T. if she was positive, to which she responded, "Yes."[41]

---

[31] A104.

[32] *Id.  See also Harris*, 350 A.2d at 770.

[33] A104; *see also Younger v. State*, 496 A.2d 546, 550 (Del. 1985) (citing *Manson v. Brathwaite*, 432 U.S. 98 (1972)) ("That a confirmation is suggestive, without more, however, cannot amount to a due process violation; the unnecessarily suggestive identification procedure must also carry with it the increased danger of irreparable misidentification.").

[34] *Id.  See also*

[35] A105.

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] A105.

[40] *Id.*

[41] *Id.*

18.  The Court then stated, "I don't find that the Defendant Burroughs has carried his burden of proof, that under the totality of the circumstances, the methodology employed in the photo lineup was impermissibly suggestive."[42]

19.  Given the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, prior postconviction counsel's decision to withdraw his claim that appellate counsel was ineffective for failing to appeal the denial did not violate the Sixth Amendment.  Although it was possible for prior postconviction counsel to assert the claim, it was within counsel's professional judgment to decide what issues to pursue.[43]  Therefore, prior postconviction counsel was not ineffective for withdrawing of the claim.

20.  Next, Burroughs asserts that prior postconviction counsel was ineffective for failing to contend that trial counsel was ineffective in his litigation of the Motion to Suppress.  Specifically, Burroughs states that "[g]iven the centrality of the identification issue to the case, counsel was ineffective for not asking for a continuance so he could prepare properly."[44]  Burroughs also contends that trial counsel was ineffective in his cross examination of the State's witnesses and in his oral argument to the Court.  Burroughs asserts that he was prejudiced because A.T.'s "pretrial identification was the lynchpin of the [State's] case."[45]  Therefore, Burroughs argues that "there is a reasonable probability [that] the outcome of the motion would have been different had trial counsel not provided deficient performance."[46]

---

[42] A106.

[43] *Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.  Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent.") (citing *Jones v. Barnes*, 463 U.S. 745 (1983)).

[44] Pet'r Marvin Burroughs' Second Mot. for Postconviction Relief at 44.

[45] *Id.* at 46.

[46] *Id.* 47.

10

21.     However, as the State points out, the Court's decision of whether to deny the Motion to Suppress rested on its credibility determinations of the witnesses.  Therefore, additional preparation or briefing the issue was unnecessary and would not likely have resulted in a different outcome.  Since the Court based its decision on the credibility of the witnesses and not the legal arguments put forth by counsel, Burroughs cannot show that he was prejudiced by prior postconviction counsel's failure to claim that trial counsel was ineffective in his litigation of the motion.

22.     Finally, Burroughs asserts that prior postconviction counsel was ineffective for failing to assert that there was sufficient evidence to convict him.  Burroughs asserts that since the Delaware Supreme Court reversed the conviction of Burroughs' co-defendant, Martel Washington,[47] and remanded the case back to this Court, this argument should have been raised in Burroughs' First Motion for Postconviction Relief.

23.     The Supreme Court found that co-defendant Washington's conviction had to be reversed because co-defendant Smullen's testimony "was so inherently incredible" that a judgment of acquittal should have been granted.[48]  Burroughs contends that since Smullen also testified at his trial, "prior postconviction counsel had no valid excuse for not asserting that [his] conviction should also be reversed."[49]  Burroughs further asserts that he was prejudiced by prior postconviction counsel's performance because "[e]ven if [A.T.'s] identification was not suppressed, stripped of the corroboration of the accomplice Smullen, there was scant evidence for a reasonable juror to vote to convict."[50]

24.     Smullen later recanted his testimony that Burroughs was one of the suspects in the robbery.[51]  In his First Motion, Burroughs argued that he was entitled to relief because, "in an interview [with] a private investigator, Smullen indicated that he initially

---

[47] *Washington v. State*, 4 A.3d 375 (Del. 2010).

[48] *Washington*, 4 A.3d at 380.

[49] Pet'r Marvin Burroughs' Second Mot. for Postconviction Relief at 48.

[50] *Id.* at 49.

[51] *State v. Burroughs*, I.D. No. 0710007029, at*6 (Del. Super. Oct. 17, 2013).

11

sought to incriminate [Burroughs] because he resented [Burroughs] for previously exposing him to criminal activity."[52] During the interview, Smullen apparently indicated that the actual suspects were two men he knew as Aaron and O.G.[53]

25. However, at the evidentiary hearing, "Smullen took the stand and recanted any previous recantation of his trial testimony."[54] Smullen testified that Aaron and O.G. ""were not real people."'[55] Smullen also testified that he could not remember what he told the private investigator.[56] "He said any statements he may have made recanting his prior testimony were made in fear of retaliation and, notably, that his testimony at trial was truthful."[57]

26. The Court does not find Burroughs' assertion persuasive. The evidence and testimony offered to convict Burroughs was different than the evidence and testimony that was offered to convict Washington. The Delaware Supreme Court held that "[b]ut for Smullen's testimony, the State would have had no evidence against Washington."[58] That was not the same situation with the evidence presented in Burroughs' case. Smullen testified that he and Burroughs went into the alley and robbed A.T. A.T. corroborated this testimony by stating there were two men who robbed her in the alley and identified one of them as Burroughs. Burroughs' conviction was the combined result of Smullen's testimony, A.T.'s identification, and A.T.'s testimony. Any of the inconsistencies between Smullen's and A.T.'s testimony were issues of fact for the jury to resolve.[59]

27. Furthermore, although Smullen recanted his trial testimony, he later retracted that recantation. Smullen testified at an

---

[52] *Id.*

[53] *Id.*

[54] *Id.*

[55] *State v. Burroughs*, I.D. No. 0710007029, at*6 (Del. Super. Oct. 17, 2013).

[56] *Id.*

[57] *Id.*

[58] *Washington*, 4 A.3d at 379.

[59] *Jones v. State*, 682 A.2d 626, 1996 WL 376937, at* 2 (Del. June 28, 1996) (TABLE) ("Under Delaware law, the jury is the sole trier of facts, responsible for determining witness credibility and resolving conflicts in the testimony.").

evidentiary hearing in Burroughs' First Motion and stated that he was truth at trial. Smullen also testified that he made those statements to the investigator because he feared he would suffer retaliation. Since Burroughs cannot show that prior postconviction counsel was ineffective under *Strickland*, he is not entitled to relief.

Therefore, Defendant's Second Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc: Prothonotary
cc: Investigative Services